IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INSTRUMENTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ENSOFT CORP.,<br><br>Defendant. | CASE NO. 4:06-cv-00551-RP-TJS<br><br>**MOTION FOR CLARIFICATION OR RECONSIDERATION OF SCHEDULING ORDER** |

COMES NOW Defendant Ensoft Corp., and requests the Court to clarify or reconsider one aspect of the Scheduling Order entered herein on December 28, 2010, and in support of this Motion states to the Court as follows:

1. Ensoft recognizes that the Court has broad discretion in managing pretrial proceedings, and in determining appropriate deadlines for the progression of a particular case toward trial. As such, Ensoft Corp. accepts the deadlines set forth in the Order as a proper exercise of discretion, but seeks clarification or reconsideration of one aspect of the Scheduling Order.

2. Specifically, the Order in question states as follows:

   At this juncture, it is appropriate for the Markman Hearing to be scheduled <u>prior to the filing of dispositive motions</u>, and to allow the parties to complete necessary discovery, if any, before such a hearing.

(Emphasis Added)

3. The foregoing language could be interpreted as <u>prohibiting</u> dispositive motions prior to the Markman Hearing, or even prior to the Court's ruling on the issues presented for hearing on claim construction.

4. This progression, if intended, is contrary to Rule 56 which states, in

relevant part:

> A party may move for summary judgment <u>at any time</u> until 30 days after the close of all discovery.

FRCP 56(c)(A).

5. While Ensoft acknowledges that Markman rulings are often relevant to Motions for Summary Judgment in patent cases[1], such is not always or necessarily the case. Further, Motions for Summary Judgment on patent issues may require no claim construction, or only limited claim construction. Because an early Summary Judgment may be dispositive of the entire case, resolving certain claim construction issues on Summary Judgment would be more efficient than conducting a separate Markman phase of the case to consider and rule on all claim construction disputes.

6. Needless to say, in patent cases, there are situations where Summary Judgment issues could be dispositive and end the case, prior to the time and expense of Markman briefing and hearing. By way of example, without limitation, if Plaintiff's claims would be barred by a statute of limitations, a Summary Judgment Motion would be appropriate and would not be affected by determination of any Markman issues[2].

---

[1] The Court indicates in its order that the parties agree that there needs to be a Markman Hearing. This misstates Ensoft's position as set forth in the Joint Scheduling Report. In that Report, Ensoft advocated that the determination of <u>whether</u> a Markman Hearing was necessary should be made <u>after</u> an initial exchange of Markman terms and an effort to reach agreement (see italicized language on page 2 of the Scheduling Report).

[2] For clarity, the Motion for Summary Judgment Ensoft plans to file is not based on the statute of limitations but, rather, will be for summary judgment of noninfringement, based on the legal effect of certain positions taken by NI during the re-examination process. Ensoft believes that this Motion will not require claim construction and, if granted, will make claim construction unnecessary.

7. Ensoft believes, as expressed during the December 2, 2010 hearing, that it has a right to Summary Judgment, for reasons should involve few or no claim construction determinations. During the scheduling hearing, it is counsel for Ensoft's recollection that the Court indicated that any resulting order would not prevent the filing of a Summary Judgment Motion "at any time", rather; would only establish a <u>deadline</u> for such a motion.

8. Ensoft recognizes that in the event it files a Summary Judgment Motion, National Instruments Corporation would be within its rights to request that a ruling on such a motion be reserved until after the Markman process had run its course. Presumably, in order to justify its position, National Instruments Corporation would be required to demonstrate why the basis for Summary Judgment asserted by Ensoft required a full Markman ruling.

9. In conclusion, unless the Scheduling Order is amended to allow a Summary Judgment Motion to be filed "at any time" prior to the deadline, as required by the rules, the Court's pending order may prohibit consideration of a properly stated Motion for Summary Judgment, regardless of whether it requires claim construction.

WHEREFORE, for the reasons set forth above, and consistent with the discussion which occurred during the December 2, 2010 scheduling conference, Ensoft requests the Court to clarify its Scheduling Order to allow for Summary Judgment Motions to be filed "at any time" consistent with the Federal Rules of Civil Procedure, and not only after the Markman process has run its course, and for any and all other relief the Court deems just, equitable and appropriate under the circumstances.

|  |  |
|---|---|
| | /s/ David A. Tank |
| Date: December 30, 2010 | David A. Tank (AT0007732)<br>Angela E. Dralle (AT0002077)<br>William J. Miller (AT0005414)<br>Megan Flynn (AT0010000)<br>DORSEY & WHITNEY LLP<br>801 Grand Avenue, Suite 3900<br>Des Moines, Iowa  50309<br>Tel: (515) 283-1000<br>Fax: (515) 283-1060<br>Email:  tank.dave@dorsey.com<br>            dralle.angela@dorsey.com<br>            miller.william@dorsey.com<br>           flynn.megan@dorsey.com |

Daniel R. Rosenberg
BRIGGS & MORGAN
200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone:  (612) 977-8795
Facsimile:  (612) 977-8650
E-mail:  drosenberg@briggs.com

**ATTORNEYS FOR DEFENDANT ENSOFT CORP.**

4

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that on <u>December 30, 2010</u>, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

**By:** Electronic Service **AND/OR**
**By:** __X__ U.S. Mail  ____ FAX
    ____ Hand      ____ Overnight
    ____ Delivered   ____ Courier
    ____ E-mail    ____ Other  ____

/S/  David A. Tank
_____


<u>COPIES TO:</u>

Ross W. Johnson
FAEGRE & BENSON LLP
801 Grand Avenue, Suite 3100
Des Moines, Iowa  50309

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804

ATTORNEYS FOR NATIONAL
INSTRUMENTS CORPORATION